MANPOWER, INC., Plaintiff-Respondent,

v.

AREA DEVELOPMENT CORPORATION, Defendant-Appellant.

No. 33129.

St. Louis Court of Appeals.

Missouri.

April 15, 1969.

Paul Taub, Jerry A. Klein, Overland, for defendant-appellant.

Blumenfeld, Kalishman, Marx & Tureen, Philip G. Kaplan, St. Louis, for plaintiff-respondent.

DOUGLAS W. GREENE, Special Judge.

Plaintiff-Respondent Manpower, Inc., sued Defendant-Appellant Area Development Corporation in the Magistrate Court of St. Louis County for $242.32 plus $36.35 interest on an account for services for temporary hired help. Plaintiff received a judgment for $138.91 plus $20.83 interest in the trial court.

Plaintiff appealed to the Circuit Court. In the Circuit Court plaintiff served defendant with a Request for Admissions as provided in Civil Rule 59.01, V.A.M.R. The Request was as follows:

"REQUEST FOR ADMISSIONS

"Comes now the plaintiff and in accordance with Rule 59.01 of the Missouri Rules of Civil Procedure request the de-

fendant, Area Development Corp., to admit the truth of each of the following statements within ten days after service hereof:

"1. That plaintiff and defendant are corporations organized and existing by virtue of law.

"2. That defendant is indebted to plaintiff on account of services rendered on or about March 29th, 1964, April 5th, 1964 and April 12th, 1964 in accordance with invoices attached hereto and made a part hereof to defendant by plaintiff at the instance and request of defendant in the sum of Two Hundred Forty Two Dollars and Thirty Two Cents ($242.32).

"3. That demand has been made upon defendant for payment of said sum but that defendant has failed and refused to pay said sum to plaintiff."

Defendant timely filed a Motion to Strike plaintiff's Request for Admissions on the ground that since the case was originally tried in the Magistrate Court, the jurisdiction of the Circuit Court was derivative from that of the Magistrate Court, and that therefore the Rules of Civil Procedure, and especially Rule 59.01 did not apply, and there was no procedural foundation for the filing of the Request for Admissions.

The Court overruled defendant's Motion to Strike. The defendant did not answer the Request for Admissions. Twenty days after the Court overruled the Motion to Strike, plaintiff filed a Motion for Summary Judgment. In its motion plaintiff alleged the filing of the Request for Admissions, the Motion to Strike by defendant and the Court's action overruling same, and that defendant had thereafter failed and refused to answer the Request for Admissions within the time set by statute.

Plaintiff contended that the matters contained in the Request were therefore admitted, and that by reason of such admissions, the allegations of plaintiff's petition charging that defendant was indebted to plaintiff in the sum of $242.32 were established, and that as a result, there was no genuine issue as to any material fact, and that plaintiff was entitled to a judgment against defendant as a matter of law.

The Circuit Court sustained plaintiff's Motion for Summary Judgment and entered judgment in favor of plaintiff in the sum of $242.32. Defendant filed its motion requesting the Court to set aside its order sustaining the Motion for Summary Judgment and entry of judgment for plaintiff. The Court overruled the motion and defendant appeals.

Defendant raises two points on appeal. The first is that Circuit Court jurisdiction of appeals from Magistrate Court is strictly limited and is derivative from the Magistrate Court, where the Civil Rules do not apply; that the Civil Rules as to Request for Admissions and for Summary Judgment were therefore not applicable in the Circuit Court case, and that the Circuit Court erred in sustaining the Motion for Summary Judgment based on defendant's failure to respond to the Request for Admissions.

■ It is true, as defendant contends, that the Civil Rules do not apply in the Magistrate Courts. Civil Rule 41.02, McClellan v. Sam Schwartz Pontiac, Inc., Mo., 338 S.W.2d 49. It has also been held that the discovery procedure of interrogatories was not available in Magistrate Courts. State ex rel. Jensen v. Sestric, Mo.App., 216 S.W.2d 152.

However, here we have an appeal from a Magistrate Court to a Circuit Court. Section 512.270, RSMo., 1959, V.A.M.S., provides that the Circuit Court shall "* * * proceed to hear, try and determine the [case] anew, * * *" and Section 512.310 states that "The trial in the

appellate court shall be governed by the practice in such court, * * *."

Sections 512.280, 512.290 and 512.300 cited by defendant refer to pleadings in Magistrate Court cases that are appealed to the Circuit Court. This court has not been cited any statutes or court rules relating to pretrial matters in cases of this type nor do we find any. The case law is meager in matters of this kind. In Wendleton v. Kingery, 110 Mo.App. 67, 84 S.W. 102, the Court determined that a demurrer could be granted in the Circuit Court, even though there were no provisions for demurrer in the Magistrate Court. The Court held that a demurrer was a matter of practice and not of pleading and that the Circuit Court practice should be followed. In Steinbruegge v. Prudential Insurance Co. of America, 196 Mo.App. 194, 190 S.W. 1018, l.c. 1020, the Court said, after citing Wendleton, "When a case is appealed from a justice of the peace [*now, Magistrate*] to the circuit court, the general rules of practice in the latter court govern * * *." It has also been held, in a replevin case that was appealed from the Justice Court (now Magistrate) that the verdict and judgment are controlled by and should conform to the statutes regulating practice and procedure in replevin cases in the Circuit Court, and not the Justice Court. Absher v. Franklin, 121 Mo.App. 29, 97 S.W. 1002.

■ Further, Civil Rule 41.02 specifically states that: "Unless otherwise hereafter provided by statute, the Rules of Civil Procedure shall govern the practice and the procedure in *all* suits and *all* proceedings of a civil nature, legal, equitable and special in the following courts: * * * Circuit Courts * * *. Where specifically provided, the rules shall govern proceedings in Magistrate Courts." (Emphasis ours.) There is no statute saying that the Rules are not applicable in *procedural* matters in cases appealed to the Circuit Court from the Magistrate Court. Requests for Admissions are pretrial discovery procedures and are not pleadings exempted from the application of the Rules

by statute. Motions for Summary Judgment are also matters of practice and procedure within the coverage of Civil Rule 41.02.

We are of the opinion that the Circuit Court was correct in applying the Rules of Civil Procedure as the basis for its judgment against defendant.

Defendant's remaining point is that even if the Civil Rules are applicable to this Cause, as we have held, that the Court still erred in granting judgment on Motion for Summary Judgment, as there were no admissions by reason of failure to answer the Request that would amount to the unassailable proof required by law. Civil Rule 74.-04 (c), (h).

■ Plaintiff's Motion for Summary Judgment must stand or fall entirely upon defendant's failure to answer the Request for Admissions. The motion stated that it was founded on the Request for Admissions *and* plaintiff's petition, but as defendant's appearance on the merits operated as a general denial to the petition, the fact that it was alleged in the petition that defendant owed plaintiff money was not unassailable proof, or in fact any proof at all, except as to the allegations contained therein.

We therefore turn to the crux of the matter which is the legal effect of defendant's failure to answer the Request for Admissions. Civil Rule 59.01 provides that: "Each of the matters of which an admission is requested shall be deemed admitted unless * * * the party to whom the request is directed serves upon the party requesting the admission either (1) a sworn statement denying * * * the matters * * * or (2) written objections * * *."

■ Defendant's only objection was his Motion to Strike which stated that the Civil Rules did not apply and that therefore there was no procedural foundation for the filing of the Request for Admissions. This motion was overruled on July 13, 1967. In legal effect, this ruling of the

Court required the defendant to answer the Request for Admissions within ten days. The defendant did not do so. Each of the matters on which an admission was requested were therefore deemed admitted. Hudson v. General Mutual Insurance Co., Mo.App., 430 S.W.2d 755.

■ The admissions by defendant were that plaintiff and defendant were corporations organized and existing by virtue of law (and therefore could sue and be sued); that defendant was indebted to plaintiff on account of services rendered to defendant by plaintiff at the instance and request of defendant in the sum of $242.32, and that demand had been made upon defendant for payment of such sum to plaintiff but that defendant failed and refused to pay.

Defendant, therefore, admitted that it owed plaintiff $242.32 on an open account for services, that it had not paid its bill, and that plaintiff and defendant had legal capacity to sue and be sued. There was no genuine issue of fact to be tried, and plaintiff was entitled to a summary judgment as a matter of law.

We find no error on the part of the Circuit Court in overruling defendant's Motion to Strike plaintiff's Request for Admissions, or in sustaining plaintiff's Motion for Summary Judgment.

The judgment is affirmed.

WOLFE, P. J., concurs.