**U. C. FROST, Appellant,**

v.

**Nicholas Joy CRAIN, Appellee.**

No. 17314.

Court of Civil Appeals of Texas, Fort Worth.

May 12, 1972.

Rehearing Denied June 9, 1972.

Gerge Busch and Laurance L. Priddy, Fort Worth, for appellant.

Brown, Crowley, Simon & Peebles, and Paul L. Peebles, Fort Worth, for appellee.

OPINION

BREWSTER, Justice.

The plaintiff, U. C. Frost, here appeals from a take nothing judgment rendered in a damage suit that was brought by him against the defendant, Nicholas Joy Crain. The suit was for damages for personal injuries allegedly sustained in a car wreck.

In a jury trial both parties were found guilty of negligence that proximately caused

the wreck and on receiving that verdict the court rendered the take nothing judgment in favor of defendant.

We affirm that judgment.

In plaintiff's first point he contends that the trial court erred in overruling his objection to the following jury argument made by defense counsel: " . . . the plaintiff, U. C. Frost, was five per cent or more negligent, even though the greater part of the negligence in the case might lie with his client, Mr. Crain."

Plaintiff's counsel objected to such argument on the grounds that " . . . this argument constituted an attempt to argue comparative negligence when, in fact, comparative negligence concepts are not part of the law of the State of Texas." The trial court overruled this objection.

█ We hold that the trial court's ruling was correct. The facts argued can be reasonably inferred from the evidence in the case. We can see nothing wrong with counsel arguing that it may be true that his client was more negligent than the other party to the suit, but that the fact remains that such other party was nevertheless still guilty of some negligence as the term was defined in the court's charge. And we do not consider the situation changed when defendant's counsel put such argument into percentages.

Plaintiff contends that the argument put his counsel in the impossible position of not being able to reply to such argument. We disagree with that. Of course, it is true that he could not argue to the jury the legal effect of the jury finding his client guilty of negligence. Such argument would not be either proper or necessary in order to counteract the argument complained of.

█ Plaintiff could make an effective and complete reply to such argument, if the evidence supported him in that respect, by arguing that under the evidence in the case his client was not negligent in any degree. That would be a complete answer to defendant's argument.

Even if such argument was erroneous it would be harmless error under Rule 434, Texas Rules of Civil Procedure. We are not convinced that such argument was reasonably calculated to cause and probably did cause the rendition of an improper judgment in this case.

█ The plaintiff's eight remaining points of error attack the jury findings wherein he was found to have been guilty of contributory negligence in failing to make proper application of his brakes and in failing to keep a proper lookout and that each such failure was a proximate cause of the wreck. In such points of error plaintiff contends that there was no evidence and insufficient evidence to support those findings of contributory negligence and proximate cause. We overrule all of those points.

The only witnesses testifying as to how the wreck occurred were the two parties to the suit. A blackboard was used during the trial to enable the witnesses to show the jury where the cars were at the various pertinent times and the location of things at and near the intersection. A drawing of the intersection was made on the blackboard. It was apparently erased and the drawings were never introduced into evidence. Although the trial court tendered paper so that each party could draw his own diagram and make a permanent record of his contentions as to how the wreck occurred, so it could be offered into evidence and by that means shown to the appellate court, this was not done. This has resulted in the appellate record coming up with no diagram of the wreck scene. A number of questions were asked the parties as to where the cars were at certain times and things of that nature and answers of "here" or "at this point" were given. One examining the appellate record cannot get any idea as to the location of the various objects inquired about from such answers, because they cannot see, as the jury could, where on the blackboard the witness was pointing when he gave his answer.

The use of a blackboard during a trial will generally satisfy the winning party's needs, because he can get over to the jury what occurred at the time of and just prior to the wreck. But where the blackboard is not introduced into evidence and where no permanent drawing illustrating how the wreck occurred is offered into evidence it becomes very difficult for the losing party to demonstrate to the appellate court that he is right about his "no evidence" and "insufficient evidence" contentions. In this case no pictures of the wreck scene or of the area surrounding that scene appear in the record.

From the record made it is very difficult for this court to tell just how the wreck scene looked, just where the columns of the underpass were located in relation to Crowley Road and to the intersection, how far they were apart, whether plaintiff could see between these columns and up the service road Crain had been on as he approached the intersection, and where in reference to the intersection the cars were located at the various times testified about.

The undisputed facts were that plaintiff, Frost, had been traveling east on Loop 820 in Fort Worth and left the Loop by means of the east bound service road at Crowley Road. He stopped at the stop sign there and then turned to his left to go north on Crowley Road. When he reached the intersection of Crowley Road and the west bound service road of Loop 820, his car there collided with defendant Crain's car. There was a stop sign facing Crain at this intersection and no stop sign faced Frost.

Crain testified that he stopped at the stop sign. Frost testified that he did not see Crain stop at the stop sign. Frost said the first time he saw Crain, Crain was from one to one and one-half car lengths back of the stop sign traveling about 30 miles per hour. Frost said he made no effort to apply his brakes because he knew he had the right-of-way and because he was not in the habit of stopping in the intersection. Crain said that the wreck occurred in the center of the intersection.

The rule is that in passing on "no evidence" points the evidence and inferences therefrom must be viewed in the light most favorable to the jury's verdict. The evidence and inferences therefrom that are contrary to the jury's verdict must be disregarded. Garza v. Alviar, 395 S.W.2d 821 (Tex.Sup., 1965).

In passing on the insufficiency of the evidence points the court is required to consider and weigh all of the evidence in the case and to set aside the verdict if it concludes that the verdict is so against the great weight and preponderance of the evidence as to be manifestly unjust. Here the evidence supporting the verdict is to be weighed with that that is contra. In Re King's Estate, 150 Tex. 662, 244 S.W.2d 660 (1952).

We have considered the entire record in passing on these points and have applied the rules just referred to in deciding the "no evidence" and "insufficiency of the evidence" points.

We hold that the evidence raised fact issues on each of the contributory negligence and proximate cause issues that are involved here. There was some evidence and sufficient evidence to support the jury's findings made in answer to each of the contributory negligence and proximate cause issues complained of.

We recently decided the case of Walsh v. Hershey, 472 S.W.2d 954 (Fort Worth, Tex.Civ.App., 1971, ref., n. r. e.). The facts there involved are similar to those involved here and we believe that the holding in that case and in the cases therein cited are authority for our holding in this case. We especially refer to the principles announced in Lynch v. Ricketts, 158 Tex. 487, 314 S.W.2d 273 (1958).

The judgment is affirmed.