Clyde J. LINDE et al.,
Plaintiffs-Respondents,

v.

Joy L. KILBOURNE,
Defendant-Appellant.

No. KCD 27821.

Missouri Court of Appeals,
Kansas City District.

Nov. 1, 1976.

James S. Bolan, Legal Aid & Defender Society, of Greater Kansas City, Inc., Kansas City, for defendant-appellant.

Robert B. Langworthy, J. Michael Vaughan, Linde, Thomson, Fairchild, Langworthy & Kohn, Kansas City, for plaintiffs-respondents.

Before SHANGLER, P. J., and SWOFFORD and SOMERVILLE, JJ.

SHANGLER, Presiding Judge.

The plaintiffs are copartners in the practice of law. In the course of several years they first represented defendant Joy Kilbourne in a spate of litigation, and her son, Kelly, in a criminal prosecution. These services went unpaid and the partnership brought an action in two counts to recover $5540.62 from the mother and $226.50 from the son. The petition went by default and the court entered judgment for the demands. This judgment was then set aside at the request of defendant Joy Kilbourne.

The plaintiffs then submitted interrogatories and request for admissions to the defendants on the reinstated cause, but these, too, went by default. Summary judgment followed on the motion of the plaintiffs on the premise that failure to deny the request for admissions by the Kilbournes had conclusively established them by the operation of Rule 59.01(a). Only defendant Joy Kilbourne appeals. She contends that the request for admissions was beyond the proper scope of the rule, so that even though the requests were neither answered nor denied, they may not be taken as admitted.

The discovery by the plaintiffs was preceded by pleadings which alleged—without answer or denial—their employment by the Kilbournes for legal services, performance, and the reasonable value of work done. The request for admissions iterated these declarations more specifically and presented them to defendant Joy Kilbourne for concession of their truthfulness. They requested her to admit nine matters: The employment relationship between them, the nature of their consultations, the duration of employment of legal services, discontinuance of the employment relationship, that advices and statements for legal services rendered were received by her without protest as to the charges shown, payment without protest of charges for previous legal services rendered her, that the charges shown in the advices and statements were reasonable for the services given, that defendant had made no payment on the balance shown due, and that the accrued interest on the account was as computed by the plaintiffs and stated. There requests went by default of objection or denial.

Thereafter, plaintiffs propounded interrogatories to defendant Joy Kilbourne calculated to determine her address and that of her son. These, too, went by default.

A request for continuance by the defendant on the premise that she had only lately employed counsel followed these defaults, but was not allowed. The motion for summary judgment ensued. The defendant Joy

Kilbourne then moved, for the first time, for leave to file answer to the petition and to make objections to the request for admissions. These were denied and summary judgment issued for the plaintiffs.

The contention on appeal is that the request for admission procedure of Rule 59.01 does not intend to remove from the case proof of the constitutive elements of the ultimate issue, but only those facts which are not crucial to the litigation. Thus, she contends, requests 1, 3, 5 and 7—which call for the admissions that defendant Joy Kilbourne retained plaintiffs for legal services, that the services were rendered, that they were properly charged, and that the charges were reasonable—seek concession of the cause of action pleaded and so exceed the scope of the rule. The appellant assumes that no Missouri authority has spoken on the question, and so bases her argument on federal decisions which have construed Rule 36 of that practice, from which our request for admissions Rule 59.01 derives.

The proceedings before the trial court were conducted under Rule 59.01 as it stood before the 1975 revision. To the extent relevant to this discussion, that rule then provided:

> (a) *Request for Admissions.* After commencement of an action a party may serve upon any other party a written request for the admission by the latter of . . . any relevant, and material matters of fact set forth in the request . . Each of the matters of which an admission is requested shall be deemed admitted unless . . . the party to whom the request is directed serves upon the party requesting the admission either (1) a sworn statement denying specifically the matters of which an admission is requested or setting forth in detail the reasons which he cannot truthfully admit or deny those matters or (2) written objections on the ground that some or all of the requested admissions are privileged or irrelevant or that the request is otherwise improper . . .

The request for admissions is a procedure whereby a party requires his adversary in the litigation to admit the truth of a proposition pertinent to the controversy. The intention of the practice is to facilitate proof as to those issues that cannot be eliminated from the case, and to narrow the issues by elimination of those that can be. Moore's Federal Practice (Second Edition ¶ 36.01[7]); History of the Rule, Committee Notes. The clear purpose of the rule [the prototype from which our own derives] became entangled in a doctrinal dichotomy in the federal decisions as to the proper scope of the language "the admission . . . of the truth of any relevant matters of fact". One view concluded that a party could not demand admissions of disputed contentions or elements of his burden of proof. *California v. The S. S. Jules Fribourg*, 19 F.R.D., 432, 436 (N.D.Cal.1955). The other considers that the pleadings define the disputes only tentatively, and allows the admission procedure to determine whether these contentions—whether of evidential or ultimate matters—are genuinely controverted. *Jones v. Boyd Truck Lines*, 11 F.R.D. 67 (W.D.Mo.1951). [For other cases on each view, see Finman, The Request for Admissions in Federal Civil Procedure (1962), 71 Yale LJ 371, 394 et seq.]

This division of judicial opinion expressed an even more fundamental disagreement: whether the *matters of fact* subject to admission under the federal rule then in effect were of opinion and mixed questions, as well as of evidentiary fact, and thus reached ultimate issues of proof. [See the discussion and cases cited in Finman, *op. cit., supra*, l. c. 409]. This posed the recurrent vexation of legal writers: whether questions of law and of fact are merely verbal definitions or functions of the litigation. [Morris, Law and Fact, 55 Harvard LR 1303, 1306 (1942)]. The conundrum was resolved when Federal Rule 36 was amended in 1970 to allow admissions of *opinions of fact or of the application of law to fact.* This accommodation not only recognized the practical difficulty *in separating fact from law and fact from opinion, but also* that admission of a matter which involves

the application of law to fact may serve to clear the issues.[1]

■ Our appellate decisions on admissions Rule 59.01 have not been embarrassed by a comparable fraction of opinion. Although the scope of the language *matters of fact* has not been specifically litigated, these opinions rest on the tacit acceptance that Rule 59.01 intends to allow admissions of all disputed issues, whether evidentiary or elements of the burden of proof; that all propositions not in genuine dispute—whether a matter of application of fact to law or opinion—should be admitted. If an admission of a proposition removes an issue from the trial or facilitates proof, the purpose of the rule is served.

In *Hudson v. General Mutual Insurance Company*, 430 S.W.2d 755 (Mo.App.1968), the plaintiff sued to collect a judgment. The plaintiff requested the defendant insurer to admit or deny: that the policy issued to plaintiff was in full force and effect on the day of the event, that the insured gave timely and due notice of claim, that the policy provided for the insurer to pay on behalf of the insured all sums for which the insured became legally obligated as damages for bodily injury or property damage, and that the insurer had become legally obligated under the policy to pay certain damages. These requests, all elements of the burden of proof on the petition, and matters of application of the facts to the law, in effect sought concession by the defendant insurer of the cause of action pleaded. The appeals court determined that failure of the insurer to deny or otherwise object to the requests admitted their truth.

In *Kraehe v. Dorsey*, 432 S.W.2d 367 (Mo. App.1968), the plaintiff brought an action to recover for services for appraisal of real estate. The plaintiff served requests for admissions which were neither objected to nor denied nor reason given why they could not be answered. The subject matter of the requests for admissions was that defendants were involved in a contract as either principals or agents, that they made a contract, approved the employment of plaintiff and paid him. These requests again of elements of the cause of action and of facts mixed with law were held to be admitted in default of denial or objection.

In another decision, more nearly akin to the claim presented on this appeal, the failure to deny or object to the requests admitted that parties were corporations organized and existing by virtue of law, that the defendant was indebted to plaintiff for the sum shown by invoices exhibited with the requests, that demand had been made but payment refused by the defendant. *Manpower, Inc. v. Area Development Corporation*, 440 S.W.2d 515 (Mo.App.1969). Summary judgment was sustained on the premise that the admission of these propositions by default proved the cause of action.

In still another case, the request of plaintiff to admit that the defendant corporations were the alter egos of the individual defendant went by default and were deemed by the trial court to have proved that issue. On appeal the defendants sought to avoid the effect of the alter ego admission on the argument that the admission was a conclusion. The court responded that by the terms of Rule 59.01 each matter requested was deemed admitted in the absence of denial or objection. [*Metropolitan St. Louis Sewer District v. Zykan*, 495 S.W.2d 643, 656 (Mo.1973)].

■ Accordingly, the contention of defendant Kilbourne on this appeal that Rule 59.01 does not intend to reach elements of the burden of proof or matters in dispute is overborne by the effect given this procedure by our decisions.

■ The very purpose of the rule is to remove from the trial issues not in legitimate dispute. As any practitioner knows,

---

1. As, for instance, an admission that an employee acted in the scope of his employment served to remove a major issue from the trial. *McSparran v. Hanigan*, 225 F.Supp. 628 (E.D. Pa.1963); see, also, *Jones v. Piper Aircraft Corp.*, 18 F.R.D. 181 (M.D.Pa.1955); and Moore's Federal Practice, Advisory Committee Note of 1970 to Amended Rule 36, ¶ 36.01[7] and ¶ 36.04(4) (2d ed.).

not every controversy raised by the pleadings is real; allegations are often only formal and defenses fictitious. The request for admissions procedure is to determine which pleaded matters present genuine issues for trial. (See, generally, Finman, op. cit., l. c. 374 and Moore's Federal Practice, ¶ 36.01[7]).

██ It is also the sense of our decisions that an element of the burden of proof—or even the ultimate issue—may be required for admission under the rule. And the admission of these matters may not be avoided because the request calls for application of the facts to the law [*Hudson* and *Kraehe, supra*], or the truth of the ultimate issue [*Manpower, supra*], or opinion or conclusion [*Zyken, supra*], so long as the opinion called for is not on abstract propositions of law. [*J. R. Meade Co. v. Forward Construction Company*, 526 S.W.2d 21 (Mo.App.1975)].[2] It is the concession of the issue—otherwise determinable by the trier of fact—which comes into evidence, not the assumptions of the party who makes the admission.[3]

██ The trial court properly accepted the default of defendant Kilbourne as admissions of the matters requested. That proof left no material issue of fact to be tried. Summary judgment was a proper disposition of the cause. Rule 74.04.

The judgment is affirmed.

All concur.

---

**2.** *Meade* concluded that an admission to a request for the identity of the owner of real estate within the purposes of the mechanic's lien statute called for a conclusion of law, a matter not within the purposes of Rule 59.01.

**3.** Rule 59.01 was amended in 1975 in particulars not relevant to the issue presented on this appeal.