**RESEARCH HOSPITAL, Appellant,**

v.

**Charles WILLIAMS, Respondent.**

**No. WD 33079.**

Missouri Court of Appeals, Western District.

May 3, 1983.

Arnold L. Kort, Kansas City, for appellant.

Charles Williams, pro se.

Before SOMERVILLE, C.J., and WASSERSTROM, TURNAGE, MANFORD, KENNEDY, NUGENT and LOWENSTEIN, JJ.

TURNAGE, Judge.

Research Hospital brought suit against Charles Williams to recover $1,390.06, the balance which it claimed was due for medical care rendered to Williams' deceased wife. The court entered judgment for Williams and Research appeals. On this appeal, Research contends that it is entitled to judgment because Williams failed to deny or respond to a request for admission of the fact that the balance due was owed and that charges were reasonable. Reversed and remanded.

In a request for admissions made prior to the trial, the hospital asked Williams to admit that he owed the hospital an outstanding balance of $1,390.06 for the hospitalization of his deceased wife, and that all of the hospital's charges were reasonable. No answer was filed to this request, nor was there any motion to amend it.

When this cause was called for trial, the court asked Williams a series of questions. In answer to these questions, Williams admitted that the hospital bill was for his deceased wife, Velma Williams, who had been a patient in the intensive care unit of Research Hospital for five days at a room charge of $260 per day.

When Williams had finished answering the court's questions, the court advised the hospital's counsel that he could proceed, and that the answers just given by Williams were to be deemed admitted. At that time, the court also stated that the only real issue in the case was whether $7,850 was a fair and reasonable bill for five days of hospitalization, and that the hospital had the burden of proof.

Following this exchange, the hospital moved for summary judgment based upon the request for admissions which it had sent to Williams and which Williams had failed to answer. Counsel advised the court that the facts deemed admitted by virtue of

Williams' failure to answer or object to the request were that no payment had been made on the balance of $1,390.06, and that the charges made by Research were reasonable and conformed with the standard of charges followed by the other hospitals in the greater Kansas City area. The court overruled the hospital's motion for summary judgment on this point.

■ The hospital then called its Patient Accounts Supervisor as a witness, and through her introduced Mrs. Williams' admission record.[1] The witness testified that by signing the record, Mr. Williams had assumed financial responsibility for the bill. The witness also produced a statement of charges for Mrs. Williams which reflected all the charges which had been incurred in the course of her care. This statement indicated a total charge of $7,850.30 minus an insurance payment of $6,460.24, leaving a balance due of $1,390.06. The witness testified that she had been involved with hospital management for eight years, that she was familiar with the charges made by hospitals in the general Kansas City area, and that in her opinion the charges reflected on Mrs. Williams' account as being charged by Research were fair and reasonable.

The amount of the hospital bill not covered by insurance was primarily attributable to the fact that the insurance policy paid only $60 per day for a hospital room, while the room charge for intensive care was $260 per day. The remainder of the amount owed by Williams was attributable to deductables in his policy.

After the statement was introduced into evidence and the hospital indicated that it had completed its case, Williams offered no evidence, but stated on the record that he had been hospitalized for three surgeries, and that it had never cost him that much money. When Williams was finished, the court stated:

---

1. In light of the fact that Research now claims that it is entitled to rely on Williams' failure to respond to its request for admissions of fact, the dissents would penalize Research for having put on evidence at trial. However, it is apparent to this court that the hospital produc- ed evidence only after the trial court had refused its motion for summary judgment. Thus, Research produced evidence only out of necessity, and this action did not constitute an abandonment of its position that Williams had admitted the essential facts.

I find the issues in favor of the defendant and against the plaintiff. When the day comes that we charge, under these circumstances, over $1570 a day, with no further explanation than what I have heard, the bill is not reasonable and there is no showing of it.

It is apparent that the court arrived at the $1,570 a day charge by dividing the total bill of $7,850 by five, in spite of the fact that the witness testified that the only per diem charge was the room charge of $260.

■ Research first contends that the court erred in overruling its motion for summary judgment. However, the denial of a motion for summary judgment is not a final appealable judgment. *Guthrie v. Reliance Construction Company, Inc.,* 612 S.W.2d 366, 368[1] (Mo.App.1980).

Research next contends that the court erred in refusing to enter judgment in its favor because Williams failed to answer the request for admissions. Rule 59.01(a) allows a party to serve upon another party a written request for the admission of the truth of any relevant and material fact. The rule provides that "[t]he matter is admitted unless, ... the party to whom the request is directed serves upon the party requesting the admission a written answer or objection...." The cases on this subject have uniformly applied the language of the rule, and have held that when "neither denial or written objection [were served] to any of the admissions sought as required by the rule, that all matters in the request were, under the rule, 'deemed admitted.'" *Metropolitan St. Louis Sewer District v. Zykan,* 495 S.W.2d 643, 656[16] (Mo.1973).

A case in this category which involves an admission similar in nature to the one at issue in this case is *Manpower, Incorporated v. Area Development Corporation,* 440 S.W.2d 515 (Mo.App.1969). In that case, the court held that the plaintiff was enti-

tled as a matter of law to summary judgment when the defendant was deemed to have admitted that it owed the amount claimed by failing to answer a request for admissions pursuant to Rule 59.01.[2]

■ At trial, counsel pointed out to the court that the request for admissions had been filed and no answer or objection had been made. The fact that Williams did not have an attorney is the probable explanation for this lapse. Nonetheless, the above rule applies to all parties, including parties appearing pro-se.

■ An additional reason the result reached by the trial court is erroneous is based on Rule 59.01(b), which provides that any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment. This rule is taken directly from Rule 36(b) of the Federal Rules of Civil Procedure. The provision that an admission is conclusively established was written into the Federal Rules in 1970. The Advisory Committee's Note on the inclusion of the conclusively established language points out that the former rule did not indicate the extent to which a party is bound by the admission, and notes the diverse results which the courts had reached under the old rule on this question. The Note points out that the purpose of making the admission conclusively binding is that unless the party securing the admission is able to depend on its binding effect, the purpose of the rule is defeated. Thus, Research was entitled to rely on the admissions secured from Williams.

■ The only evidence presented in this case was the bill itself, the testimony of the hospital's witness, and the admissions. All of this evidence unequivocally indicated that the charges in question were in fact owed, and were in fact reasonable. There

---

2. Judge Nugent relies on a federal case which indicates that it is unfair to allow a plaintiff to prove the bulk of its case through contested admissions. In the first place, the admissions in this case were not contested. More importantly, this court has held that an element of the burden of proof, even if it is the ultimate

issue in a case, may be required in requests for admissions. *Linde v. Kilbourne,* 543 S.W.2d 543, 547[7–9] (Mo.App.1976). The admissions in this case were thus allowable under *Linde,* and there is no indication of how they worked any unfairness.

was no evidence whatsoever in this case on which to base a finding for Williams. Thus, under *Murphy v. Carron,* 536 S.W.2d 30, 32[1] (Mo. banc 1976), the judgment must be reversed because it is not supported by substantial evidence.

Because the reasonableness of the charges for Williams' deceased wife's hospitalization was conclusively established and because the trial court's judgment was not supported by the evidence, Research Hospital was entitled to a judgment. The judgment is reversed and this cause is remanded with directions to enter judgment in favor of Research and against Williams for $1,390.06. In addition Research is entitled to pre-judgment interest in the amount of $170, *Ehrle v. Bank Building & Equipment Corporation of America,* 530 S.W.2d 482, 497[31, 32] (Mo.App.1975), making a total judgment of $1,560.06.

SOMERVILLE, C.J., and WASSERSTROM, MANFORD and KENNEDY, JJ., concur.

NUGENT and LOWENSTEIN, JJ., dissent in separate opinions filed.

NUGENT, Judge, dissenting.

I must respectfully dissent because I cannot agree with the majority opinion's conclusion that matters admitted by silence are, under these circumstances, necessarily conclusively established. Nor do I accept the conclusion of the dissenting opinion by Judge Lowenstein that the party seeking the benefit of such admissions must offer them into evidence.

As to the proposed requirement that such admissions must be offered, I hesitate to add this requirement to those procedures enumerated in Rule 59.01 in light of the long-standing rule that "[t]he effect of admissions made in response to a request is comparable to a legal admission made in the pleadings of a party, and it is not necessary that they be formally introduced in evidence at the trial." *Williams v. School Dist. of Springfield R–12,* 447 S.W.2d 256, 268 (Mo.1969), quoting 27 C.J.S. *Discovery* § 106.

As to the majority opinion's position, I agree that the 1970 revision of Fed.R.Civ.P. 36(b) (the equivalent of our Rule 59.01), expressly providing that an admission is conclusively established, is intended to enable a party securing an admission to depend on its binding effect. In other words, a party making an admission—whether by silence or express admission—is conclusively bound unless, as our rule provides, the court on motion permits withdrawal or amendment. The post-1970 case law indicates, however, that under certain limited circumstances, when equity demands, the court may permit a withdrawal without a motion by the party seeking relief from the conclusiveness of the failure to respond.

The leading case on point is *Dependahl v. Falstaff Brewing Corp.,* 491 F.Supp. 1188 (E.D.Mo.1980), *rev'd in part on other grounds,* 653 F.2d 1208 (8th Cir.), *cert. denied,* 454 U.S. 968, 102 S.Ct. 512, 70 L.Ed.2d 384 (1981). There, plaintiffs requested admissions on February 28, 1978, to which defendant did not respond until March 9, 1979, over a year later. By the rules, defendant had admitted the facts contained in the request. The court chose to relieve defendant of this burden, however, because plaintiffs were fully aware that defendant actually denied the substance of the admission (in spite of its silence), because the admissions "go to the very heart of the claim" denied in defendant's answer, and because defendant's late response (forthcoming without benefit of a motion to withdraw admissions) was at least partially attributable to plaintiffs' interim efforts to enforce a settlement. As the court said at 1194,

Under the circumstances it would be extremely unfair to allow plaintiffs to prove the bulk of their case through these contested admissions.... [P]laintiffs, despite any reliance on the admissions, placed into evidence that proof which they could garner to support their case, and the issues covered by the admissions were fully litigated. *This Court has, therefore, considered the admissions as evidence in this case, but has not con-*

sidered *the matters included therein as conclusively established against defendants.* (Emphasis added.)

Similarly, extenuating circumstances were found to exist in *Warren v. International Bhd. of Teamsters,* 544 F.2d 334 (8th Cir.1976), where counsel for defendants misread the rule as allowing forty-five days to respond rather than thirty and as a result, filed a late response. The trial court deemed the requests admitted but, nevertheless, allowed evidence on the "admitted" issues. The appellate court found no abuse of discretion in this action and specifically agreed with the rule relied on by the trial court and stated in *Pleasant Hill Bank v. United States of America,* 60 F.R.D. 1, 3 (W.D.Mo.1973), as follows:

> [T]he court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action or defense on the merits.

Finally, we look to *Brook Village North Assocs. v. General Elec. Co.,* 686 F.2d 66 (1st Cir.1982), in which the court considered both *Dependahl* and *Warren* but decided at 73 that where defendants responded nine months after the request for admission was served without either a "simple, technical default [apparently referring to *Warren*], or a default in which the plaintiff shares responsibility [as in *Dependahl*]", no extenuating circumstances existed. The court rejected the trial court's standard for opening up admissions once trial has begun, and held that the district court cannot do so simply because it "finds more credible the witnesses of the party against whom the admissions operate." Nevertheless, the court specifically stated at 73,

> This does not mean that a district court is never free to permit withdrawal or amendment of admissions after considering the evidence presented at trial. For example, *if a district court reviewing the evidence concludes that no rational fact finder could believe the facts established by the admissions to be true, the court may permit withdrawal* or amendment so long as the party who obtained the admissions is not otherwise prejudiced. It is not enough, however, that the court as fact finder disbelieves one party's expert testimony. (Emphasis added.)

Using this standard, I must disagree with the majority opinion. The language of the trial court, that "when the day comes that we charge, under these circumstances, over $1570 a day, with no further explanation than what I have heard, the bill is not reasonable ..." strongly suggests that it found that "no rational fact finder could believe the facts established by the admissions to be true." The court simply found the "fact" that such an unexplained charge was "reasonable" to be incredible. This was not a matter of finding one party's witnesses more credible than another's, but was a total rejection by the trial court of the premise that absent explanation, anyone could find the "reasonableness" issue in plaintiffs' favor.

Moreover, here, as in *Dependahl,* defendant by his trial conduct demonstrated beyond doubt his continuing dispute of the reasonability of the hospital's charges. Also as in *Dependahl,* despite the admission, plaintiff went forward with its "proof" of reasonability at trial, attempting to litigate the issues covered by the admission. These factors, in combination with the trial court's apparent conclusion that the requested admission was totally beyond reason, fully justified the trial court's action in effect permitting the withdrawal of the "admission" absent a showing by the hospital that it was prejudiced. No such showing was made.

I would agree with the *Brook Village* court that where the trial court concludes that "no rational fact finder" could believe the admission, a narrow exception to Rule 59.01 exists, and further, I would agree that such a conclusion is warranted by the facts of this case.

I am also concerned with one other aspect of the majority opinion and that is the attention paid to the amount of the charges

covered by insurance. The majority does not directly state that the question here is the reasonability of the after-insurance charges rather than the entire bill. The majority does, however, note first that the unpaid portion resulted primarily from the fact that the insurance policy covered only $60 of the $260-per-day room charge. The majority then observes that the trial court found a charge of $1570 a day not to be reasonable in spite of the fact that the per diem charge was only $260.

The obvious implication is that, because the per diem room charge was the only part of the bill not covered by insurance, it is the only part of the bill with which the trial court should have concerned itself, that is, $260 per day rather than $1570 per day. Viewed in this after-insurance light, the charge does seem reasonable, but this dimmed light is not bright enough to illuminate this case.

At trial, Mr. Williams informed the court that he was questioning the fact that he was charged for so many items (apparently tests and supplies) without an explanation as to the necessity for those items. (The hospital's witness admitted that, because she did not know what the medical problem was, she could not answer that question.) Mr. Williams did not mention or question the $260 per day room charge. Since most of the supplies were covered by his insurance, he clearly was not limiting the issue of reasonability to after-insurance, uncovered charges. Nor was the trial court. For this court to do so is contrary to both the stated issue at trial and sound public policy.

For purposes of our analysis, this case is the same as a case in which the defendant has no insurance at all. Such a defendant would obviously be permitted to question the reasonability of the entire $7,850 bill for five days of hospitalization. To limit Mr. Williams to the question of whether the $1390 balance is reasonable not only distorts the true issue and penalizes him for his forethought, as a matter of policy it encourages higher hospital bills by relieving hospitals of the need to justify charges covered by insurance policies. In effect, the majority is saying that if a hospital charges $100 for a certain service, $75 of which is covered

by insurance, the hospital need only show the reasonableness of the uncovered $25 portion of the charge rather than the total $100 charge. With such a rule, what incentive would the health care provider have to see that its before-insurance charges can meet a test of reasonableness?

Accordingly, I would suggest that Mr. Williams' insurance coverage is irrelevant and it should be totally disregarded.

For the foregoing reasons, I would affirm the judgment of the trial court.

LOWENSTEIN, Judge, dissenting.

I agree with the majority that Research may not appeal from an adverse ruling on its motion for summary judgment. Additionally however, Research did not serve its motion for summary judgment "at least 10 days before the time fixed for the hearing" as provided in paragraph (c) of Rule 74.04. The first indication Williams had of a summary judgment was on the day of trial. The purpose of the 10 day service requirement is to afford the adverse party an opportunity to defend against the motion and show a genuine fact issue remained. *State ex rel. Boyer v. Stussie*, 592 S.W.2d 269, 272 (Mo.App.1979). In *Pennell v. Polen*, 611 S.W.2d 323 (Mo.App.1981), this court, while not deciding whether Rule 74.-04(c) "preclusively requires" the 10 day notice before entry of summary judgment, states,

"We do not say that a summary judgment made and entered on the very day of trial, without other notice to the adversary, or acquiescence, undermines the probity of the procedure and prejudices fairness." (footnote omitted). 611 S.W.2d at 324.

Since the summary judgment motion presented on the day of trial without 10 day notice, did not comply with 74.04(c), it was properly overruled. *See also, Associates Discount Corporation of Iowa v. Fitzwater*, 518 S.W.2d 474, 477 (Mo.App.1974). *Compare Aman Collection Service, Inc. v. Burgess*, 612 S.W.2d 405, 409 (Mo.App.1981).

The question of the conclusive establishment of matters deemed admitted (reasonableness of charges) for failure to answer

under 59.01 should be ruled favorably to Williams and cause the trial court judgment to be affirmed.

An ultimate issue, an opinion or a legal conclusion, all involved here, may be deemed admitted because of a default in answering or failure to object to a request for admissions under Rule 59.01. *Linde v. Kilbourne,* 543 S.W.2d 543, 547 (Mo.App. 1976). The sole issue in this case was the reasonableness of Research's charges. Despite Williams lack of counsel or legal expertise he made it clear at every step of the trials resulting favorably to him (before the Associate Circuit Judge and in circuit court) that he disputed the fairness of the charges. Whether paid in whole or in part by insurance the issue was whether the charges were excessive.

The hospital has the burden of proof on the reasonableness of its charges. The majority here says it sustained that burden by introduction of the bill, testimony of the witness and the admissions.

If the majority's view is correct and the failure to answer requests conclusively establishes the ultimate issue it was unnecessary for Research to produce any evidence because of the operation of the rule. Where I depart from the majority is on the matter of whether the rule should here be activated and the plaintiff's case ultimately established without having offered the non-answered request into evidence and without having made a presentation in evidence as to the date the request was made and testimony that no answer or request for late filing or objection had been received by plaintiff nor in the court's file. *Compare Avant Incorporated v. Polaroid Corp.,* 441 F.Supp. 898, 900 (D.Mass.1977). The other alternative would have been to ask the court to take judicial notice of the request for admission and the failure to answer and requesting the matter be admitted.

To get the benefit of the rule and have the only contested issue deemed admitted

and conclusively established, the party seeking such benefit must do something positive to put the matter in evidence, even in a court tried case. The fact that the hospital here did not introduce the request into evidence and made no record supporting the failure of Williams to answer the request means it should not get the benefit of the operation of the rule. The fact that the matter was not offered into evidence and that Research went ahead and presented evidence on the issue belies the fact that it was relying on having its case made by operation of Rule 59.01. This relatively slight burden placed on a moving party is not much to ask in view of the immense benefit it reaps. Since this pivotal issue is and was contested it should be borne in mind "[t]he rule is not self executing and if one would take advantage of its provision, all facts necessary to invoke the consequences must be made in some way to appear." *Gilbert v. General Motors Corp.,* 133 F.2d 997, 1003 (2nd Cir.1943). *See also W.J. Warren et al. v. International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America et al.,* 544 F.2d 334, 339–40 (8th Cir.1976); *Pleasant Hill Bank v. United States,* 60 F.R.D. 1, 3 (8th Cir.1973).[1]

Without having the benefit of the admission the hospital's burden cannot be said to have been sustained by either the bill or the testimony presented. The bill itself proves absolutely nothing as to whether the price was reasonable. It is an 18 page printout of charges including supplies and tests that were repeated many times during the deceaseds five day stay in the hospital (most of one day was in the emergency room).

The only testimony of the sole witness, comprising only 4½ pages of the transcript, sheds no light on the issue of reasonableness. The only question asked of the account supervisor on the issue was whether the charges were fair and reasonable. To that she answered yes, but the most

---

1. Where the defendant was allowed to file late answers to avoid pivotal admission (in effect a withdrawal of matters deemed admitted). The District Court for the Western District of Missouri, said to deny the request, "... would produce an 'unjustified supression of the merits,' a result which we find unacceptable." *Id.* at 4. *Dependahl v. Falstaff,* 491 F.Supp. 1188, 1194 (E.D.Mo.1980).

illuminating aspect of her testimony was her answer to Williams' question on cross-examination as to what certain supplies were for, She said, "I don't know what the medical problem was so I don't know what kind of supplies they would use. They may have used catheters. I don't know what the illness was." Based upon this answer Williams individual effort to get some explanation as to the charges ended when he said "[s]he don't know what this is from and I don't either, so there's nothing else I can ask her." Judge Hanna did not have to believe the hospital's witness—and it is obvious why no credence he given that evidence, since the witness didn't even know why the patient was in the hospital, but could nevertheless claim the charges reasonable.

There was no evidence in the form of admissions, nor testimony nor other documentation to sustain Research's burden on the ultimate issue. The trial court did not err in finding for Williams. Its judgment was supported by substantial evidence and under Rule 73.01 and *Murphy v. Carron,* 536 S.W.2d 30 (Mo. banc 1976) the judgment should be affirmed.