Daniel GODFREY, Appellant,

v.

**UNION ELECTRIC COMPANY, Respondent.**

No. 64091.

Missouri Court of Appeals, Eastern District, Division Four.

March 8, 1994.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 7, 1994.

Application to Transfer Denied May 26, 1994.

George J. Miller, Fenton, for appellant.

James J. Virtel, St. Louis, for respondent.

CARL R. GAERTNER, Judge.

Plaintiff Daniel Godfrey appeals from the grant of summary judgment entered in favor of the defendant, Union Electric Company.

The material facts are not in dispute. On January 11, 1988, Godfrey was a passenger in a motor vehicle driven by Daniel Devine. Christopher Perry was also a passenger in the vehicle. Devine was intoxicated, but he operated his vehicle in a normal manner until he approached the intersection of Laclede Station Road and Rock Hill Road. At that time, Devine began to rapidly accelerate. He lost control of the vehicle, left the roadway and struck a utility pole owned by Union Electric. The utility pole was located approximately five feet from the white line delineating the travelled portion of Rock Hill Road and approximately three feet from the pavement. Devine died as a result of the accident, and Godfrey and Perry were severely injured.

Godfrey brought an action against Union Electric for negligently maintaining the utility pole too close to the travelled portion of Rock Hill Road. Union Electric sought a summary judgment which the trial court granted. Godfrey appeals.

The trial court granted summary judgment because Godfrey would be unable to prove that Union Electric owed any duty to protect him from this type of injury. The issue presented here is identical to the one we decided in *Noe v. Pipe Works, Inc.*, 874 S.W.2d 502 (Mo.App.1994), handed down this same day.

In *Noe* we held that this issue was controlled by the Missouri Supreme Court's decision in *Clinkenbeard v. City of St. Joseph*, 321 Mo. 71, 10 S.W.2d 54 (1928). *Noe*, 874 S.W.2d at 504. *Clinkenbeard* holds that there is no duty owed to the operator of a motor vehicle who leaves the improved or normally travelled portion of a roadway and strikes an object maintained wholly outside of that roadway. *Noe* at 504. This also applies to a passenger in a such a vehicle.

In the present case, the undisputed facts show that the utility pole was outside of the paved portion of the road. Godfrey was injured only because the vehicle in which he was a passenger left the travelled portion of the road. As a matter of law, Godfrey cannot establish that Union Electric owed him any duty of protection from the type of injury he suffered. Therefore, summary judgment is appropriate.

Godfrey argues that there are several reasons why the principles in *Clinkenbeard* should no longer apply. We are constitutionally bound to follow the last controlling decision of the Supreme Court of Missouri. Mo. Const. art. V, Sec. 2 (1945); *Noe* at 504. For these reasons the trial court's grant of summary judgment is affirmed.

GRIMM, P.J., and AHRENS, J., concur.