Michael Wayne NOE, et al., Appellants,

v.

PIPE WORKS, INC., et al., Respondents.

No. 63879.

Missouri Court of Appeals,
Eastern District,
Division Four.

March 8, 1994.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 7, 1994.

Application to Transfer Denied
May 26, 1994.

---

John D. Anderson, Herman Praszkier, St. Louis, for appellants.

James J. Virtel, Ann Elizabeth Buckley, St. Louis, for respondents.

CARL R. GAERTNER, Judge.

Michael Noe, by and through his mother and next friend, Linda Hazen, and Linda Hazen, individually, appeal from a grant of summary judgment entered in favor of defendant, Union Electric Company. The trial court properly designated the judgment as final pursuant to Rule 74.01(b).

The relevant and undisputed facts are as follows. On July 29, 1987, Noe was operating his motorcycle on a two-lane road when he approached a truck from the rear, went off of the road to the right of the truck, crashed into a utility pole owned by Union Electric and was severely injured. The utility pole was located off of the roadway. It was anywhere from forty to fifty-six inches from the paved portion of the road.

Noe brought an action against Union Electric for negligently maintaining the utility pole too close to the road. Union Electric sought a summary judgment which the trial court granted. The plaintiffs appeal from the grant of summary judgment on two grounds.

## I

First, Noe asserts that the trial court's grant of summary judgment should be reversed on procedural grounds. Noe complains that Union Electric violated the notice requirement of Rule 74.04(c). Rule 74.04(c) provides that a motion for summary judgment "shall state with particularity the grounds therefor and shall be served at least ten days before the time fixed for the hearing." The ten-day notice requirement is mandatory. *Joachim Savings & Loan v. State Farm,* 764 S.W.2d 648, 650 (Mo.App. 1988).

Union Electric filed its motion for summary judgment on October 29, 1992. The motion stated with great particularity the grounds allegedly entitling Union Electric to summary judgment. Noe's second amended petition was attached as an exhibit to the motion. The next day, Noe filed his third amended petition. On March 18, 1993, Union Electric filed notice of the hearing on its motion. The hearing was set for April 7, 1993. Obviously this met the ten-day requirement of Rule 74.04(c). However, Union Electric then filed amended suggestions in support of its motion on March 31, 1993. The amendment simply directed the motion without change to the third amended petition.

Noe argues that the amended suggestions in support of Union Electric's motion created a new motion for summary judgment by making the motion applicable to Noe's third amended petition. We disagree. A party does not have to renew its motion for summary judgment every time the plaintiff amends his petition. Furthermore, if the motion states with particularity the grounds for summary judgment, suggestions in support of that motion can be filed at any time. The notice rule is designed to allow the adverse party time and opportunity to file affidavits in opposition to the motion as well as gather and present its evidence at the hearing. *Joachim* at 650. Noe knew the grounds on which Union Electric sought summary judgment, and he had more than ample time to prepare. Point denied.

## II

Noe also alleges that summary judgment was inappropriate because Union Electric owed a duty to Noe not to place its utility pole so close to the travelled portion of the road. Union Electric breached this duty and contributed to the injuries Noe suffered after striking the pole.

When reviewing a grant of summary judgment in favor of the defendant, we view the

record in the light most favorable to the plaintiff and accord the plaintiff all reasonable inferences that may be drawn from the evidence. *Martin v. City of Washington,* 848 S.W.2d 487, 489 (Mo. banc 1993). Summary judgment is appropriate only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits filed in support of the motion, demonstrate that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. *Id.* at 489.

■ In this action, Noe alleged that Union Electric was negligent in maintaining its utility pole too close to the roadway and that this was the proximate cause of Noe's injuries. In any negligence action, the plaintiff must establish the existence of a duty on the part of the defendant to protect the plaintiff from injury, failure of the defendant to perform that duty and that plaintiff's injury was proximately caused by defendant's failure. *Krause v. U.S. Truck Co., Inc.,* 787 S.W.2d 708, 710 (Mo. banc 1990). In the present instance, the undisputed facts, viewed in the light most favorable to the plaintiff, establish, as a matter of law, that Union Electric had no duty to protect Noe from the kind of injury he suffered.

In *Clinkenbeard v. City of St. Joseph,* 321 Mo. 71, 10 S.W.2d 54 (1928), the Missouri Supreme Court ruled that an action for negligence would not lie against a utility corporation when the plaintiff was injured by driving from the improved portion of a roadway and striking a utility pole maintained wholly outside of the travelled and improved portion of that roadway. *Clinkenbeard,* 10 S.W.2d at 62. The court expressly held that there is no duty owed to an operator of a motor vehicle that has left the road. *Id.* at 62; *Rothwell v. West Cent. Elec. Co–Op., Inc.,* 845 S.W.2d 42, 43 (Mo.App.1992). *Clinkenbeard* and its progeny control the disposition of the present matter.

There is no question that Noe left the paved portion of the road before he struck the utility pole. There is no question that the utility pole, no matter how close it may have been to the road, was wholly outside of the improved portion of the road and did not interfere with those making normal use of the road. Therefore, under these circumstances, Noe could not prove that Union Electric owed him a duty to protect him from harm.

■ Noe makes several arguments as to why Union Electric had such a duty, and he urges us to find *Clinkenbeard* outdated. Even if we were to ignore the practical ramifications which would affect utility companies, state, county and municipality highway and road departments statewide as a result of such ruling, we are constitutionally without authority to overrule the controlling decisions of the Supreme Court. Mo. Const. art. V, Sec. 2 (1945); *Dorlon v. City of Springfield,* 843 S.W.2d 934, 941 (Mo.App.1992).

The trial court's grant of summary judgment is affirmed.

GRIMM, P.J., and AHRENS, J., concur.