James RHODES and Judy Rhodes,
Plaintiffs–Appellants,

v.

Gene BLAIR, Defendant–Respondent.

No. 20563.

Missouri Court of Appeals,
Southern District,
Division One.

March 29, 1996.

Randall S. Anglen, Branson, for plaintiffs-appellants.

No appearance for defendant-respondent.

GARRISON, Judge.

Plaintiffs appeal from an adverse judgment entered in this court-tried case. They contend that a judgment should have been entered for them because of Defendant's failure to respond to a request for admissions. They also allege that the judgment entered was against the weight of the evidence.

Defendant, a builder, was engaged by Plaintiffs to build a house. During the construction, Plaintiffs learned that some materials being charged to their account were actually being used in the contemporaneous construction of Defendant's own home. They also obtained knowledge that some charges to their account were actually for tools rather than for the supplies listed on the invoices. As a result, Defendant's services were terminated during the construction project.

In this suit, the relief sought by Plaintiffs included damages and an equitable lien on Defendant's property. Approximately three months prior to trial, Plaintiffs served Defendant with a request for admissions, summarized as follows:

1. Defendant contracted with Plaintiffs to build a home.

2. Materials, equipment, and labor charges were billed to Plaintiffs that were used or delivered to different properties.

3. Those charges against Plaintiffs were intentionally caused by Defendant.

4. Those charges to Plaintiffs were due to Defendant's negligence.

5. Plaintiffs paid Defendant or the suppliers for the labor, materials and equipment.

6. Defendant received the benefit of the labor, materials and equipment paid for by Plaintiffs but not used in building their home.

7. The cost of the labor, materials and equipment paid for by Plaintiffs, but not

used in the construction of their home, was $50,000.

8. Defendant is indebted to Plaintiffs in the amount of $50,000.

On the morning of trial, Plaintiffs filed a pleading entitled "Motion In Limine." The motion, which requested a $50,000 judgment, was based on Defendant's failure to respond to the request for admissions. The trial court denied the motion, telling Plaintiffs' counsel that they could prove the request for admissions and failure to respond as a part of their evidence. Plaintiffs did establish, during their case in chief, that they had served Defendant with the request for admissions. Defendant, acting pro se, acknowledged that he had received the request but had not responded to it.

After taking the case under advisement, the trial court entered a judgment denying all the relief prayed for by Plaintiffs. Plaintiffs appeal from that judgment.

■ The standard of review in a court-tried case is established by Rule 73.01(c).[1] That rule provides that the judgment of the trial court is to be sustained unless there is no substantial evidence to support it, unless it is against the weight of the evidence, or unless it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 31–32 (Mo.banc 1976).

Initially, we note that Defendant has filed no brief with this court. While no penalty is imposed by statute or rule for such failure, it is an imposition on the court and leaves us dependent on Plaintiffs' and our own research. *B.J.H. v. L.H.*, 779 S.W.2d 777, 778 (Mo.App.S.D.1989). Under these circumstances, we are required to decide the case without the benefit of Defendant's authorities and points of view.

In their first point, Plaintiffs contend that the trial court erred in overruling their "Motion In Limine," which requested a judgment against Defendant, because all of the essential elements of their case were conclusively admitted when Defendant failed to respond

to the request for admissions. This point is without merit for several reasons.

■ A point relied on which is premised on the denial of a motion in limine presents nothing for appellate review. *Keith v. Burlington N. R.R. Co.*, 889 S.W.2d 911, 922 (Mo.App.S.D.1994). This is because the ruling of a motion in limine is interlocutory in nature and cannot, therefore, by itself, be reversible error. *Id.*

■ Additionally, Plaintiffs' attempted use of the motion in limine was to obtain a judgment prior to trial. "In limine" is defined as "in or at the beginning," and such a motion is designed to accomplish, at the beginning of litigation, some purpose which may be known only by reference to the context thereof. *State v. Riggs*, 586 S.W.2d 447, 449 (Mo.App.S.D.1979). It is traditionally used, however, as a form of a motion to suppress designated testimony or evidence. *See Robbins v. Jewish Hosp.*, 663 S.W.2d 341, 348 (Mo.App.E.D.1983).

■ In the argument portion of their brief, Plaintiffs state that "[t]he Motion in Limine should be treated as a motion for summary judgment," but cite no authority to support that proposition. Rule 74.04 governs summary judgment practice in Missouri. It requires that a motion seeking that relief state with particularity, in separately numbered paragraphs, "each material fact as to which the movant claims there is no genuine issue, with specific references to the pleadings, discovery or affidavits that demonstrate the lack of a genuine issue as to such facts." It also requires that there be an attached "separate legal memorandum explaining why summary judgment should be granted and affidavits not previously filed that are relied on in the motion." Rule 74.04(c)(1). In the instant case, the trial court was not informed that Plaintiffs intended that the motion be treated as one for a summary judgment, and the motion failed to comply with the specific requirements of Rule 74.04. There was no reference in the motion to any proof of Defendant's failure to respond to the request for admissions.[2] The unverified statement of

---

**1.** All references to rules are to Missouri Rules of Civil Procedure (1996).

**2.** Defendant's failure to respond to the Plaintiffs' request for admissions was not established until trial during Plaintiffs' case in chief.

counsel contained in the motion was not evidence. *See Smith v. Sayles,* 637 S.W.2d 714, 717 (Mo.App.W.D.1982). Likewise, there was no separate legal memorandum explaining why summary judgment should be granted.

Even if the motion had otherwise complied with the requirements of Rule 74.04, it was both filed and called up for hearing by Plaintiffs on the morning of trial. Rule 74.04(c)(2) provides that the adverse party shall have thirty days to file a response to a motion for summary judgment. Our courts have held that the notice requirements of prior Rule 74.04(c)[3] were mandatory, *Noe v. Pipe Works, Inc.,* 874 S.W.2d 502, 503 (Mo.App. E.D.1994), and that non-compliance would result in denial of the motion. *Erickson v. Pulitzer Publishing Co.,* 797 S.W.2d 853, 857–58 (Mo.App.E.D.1990). Under the particular facts of this case, we cannot say that the trial court erred in denying the motion, even if it could have been considered as a motion for summary judgment.

■ Finally, even if the instant motion were the equivalent of a motion for summary judgment as argued by Plaintiffs, an appeal would not lie from its denial. *Parker v. Wallace,* 431 S.W.2d 136, 137 (Mo.1968); *State ex rel. Mo. Div. of Transp. v. Sure–Way Transp., Inc.,* 884 S.W.2d 349, 351 (Mo. App.W.D.1994); *Browning v. Salem Memorial Dist. Hosp.,* 808 S.W.2d 943, 948 (Mo. App.S.D.1991) (holding that "[d]enial of a motion for summary judgment is interlocutory, not a final appealable order, and not properly the subject of a point on appeal").

Plaintiffs' first point is without merit and is denied.

In their second point, Plaintiffs contend that the judgment was against the weight of the evidence. They argue that the evidence supported their theory that Defendant had charged labor, equipment and materials to them which had not been used in their home. The main thrust of Plaintiffs' argument under this point, however, is the effect of the admissions made by Defendant as a result of his failure to respond to the request for admissions.

■ In reviewing a court-tried case, an appellate court should exercise the power to set aside a judgment on the ground that it is against the weight of the evidence with caution and a firm belief that it was wrong. *Murphy v. Carron,* 536 S.W.2d at 32. "Weight of the evidence" means its weight in probative value, not the quantity or amount of evidence. *Goodnight v. Curry,* 618 S.W.2d 278, 279 (Mo.App.S.D.1981).

■ Plaintiffs correctly point out that a party admits the matters contained in a request for admissions by failing to respond to it. Rule 59.01(a). Matters admitted pursuant to Rule 59.01 are conclusively established unless the court permits withdrawal or amendment of the admissions. Rule 59.01(c); *Research Hosp. v. Williams,* 651 S.W.2d 667, 669 (Mo.App.W.D.1983). Such admissions compare with admissions contained in pleadings and eliminate the need for further proof of those matters. *Dana Commercial Credit Corp. v. Cukjati,* 880 S.W.2d 612, 615 (Mo. App.S.D.1994); *Killian Const. Co. v. Tri–City Const. Co.,* 693 S.W.2d 819, 827 (Mo. App.W.D.1985). *See also N.R. v. A.D.,* 655 S.W.2d 733, 736 (Mo.App.E.D.1983). The consequences of failing to respond to requests for admissions apply even though, as here, the party appears pro se. *Research Hosp. v. Williams,* 651 S.W.2d at 669.

In the instant case, the record before us discloses that Defendant did not respond to the request for admissions; he did not seek permission to withdraw or amend the admissions made by his failure to respond to the request; and the request for admissions, as well as Defendant's failure to respond, was presented to the trial court by Plaintiffs as a part of their case. It was, therefore, conclusively established that Plaintiffs expended $50,000 for items of labor, equipment and materials which were not incorporated into their home; that Defendant received the benefit of those items; that Plaintiffs incurred those charges either through the negligence or intentional conduct of Defendant;

---

**3.** Rule 74.04(c) in effect prior to January 1, 1994 provided that a motion for summary judgment

"shall be served at least ten days before the time fixed for the hearing."

and that Defendant is indebted to Plaintiffs in the amount of $50,000. Plaintiffs argue, therefore, that the judgment for Defendant was against the weight of the evidence and, instead, the judgment should have been in their favor.

██ Our review of this point is hindered, not only because Defendant failed to file a brief, but also by the fact that we are not to become an advocate for a party. As stated in *Thummel v. King*, 570 S.W.2d 679, 686 (Mo.banc 1978):

> It is not the function of the appellate court to serve as advocate for any party to an appeal.... It would be unfair to the parties if it were otherwise. That is the reason for the sometimes expressed unwillingness of an appellate court to assume the role of counsel and advocate for a party on appeal.

In language which is also appropriate here, the court discussed the problems created by inadequate briefing on appeal and said that when parties:

> do not sufficiently advise the court of the contentions asserted and the merit thereof, the court is left with the dilemma of deciding that case (and possibly establishing precedent for future cases) on the basis of inadequate briefing and advocacy or undertaking additional research and briefing to supply the deficiency. Courts should not be asked or expected to assume such a role.

*Id.*

██ In the instant case, by failing to file a brief, Defendant has presented us with no argument or authorities which would permit us to conclude that the effect of these admissions should not be dispositive of the issue presented. It would be both unfair to Plaintiffs and inappropriate for us to become an advocate for Defendant and, through our own research and reasoning, search for theories and authorities which might justify an affirmation of the judgment. As a result, we must decide this appeal based only on the merits of the issues presented by Plaintiffs in their brief. Unlike Plaintiffs' first point which raised an issue without merit, the issue raised in this point is well taken. Under these circumstances, we conclude that the judgment must be reversed.

██ Pursuant to Rule 84.14, we are permitted to "give such judgment as the court ought to give," and unless justice otherwise requires, we are to "dispose finally of the case." Our conclusion that the judgment must be reversed is the necessary consequence of Plaintiffs' establishment of admissions which would entitle them to relief and Defendant's failure to demonstrate why these admissions should not be given the effect which flows from his failure to respond to the request for admissions. As a result, it would follow that Plaintiffs should receive a judgment for $50,000.

Such a result would ignore, however, the testimony concerning credits received by Plaintiffs, introduced without objection, and the admission by their attorney to the trial court that they had, in fact, received some credits. In this regard, Defendant testified that there were some instances when materials used on his personal home were mistakenly charged to Plaintiffs' account, but that the errors were later corrected by credits issued by the supplier to Plaintiffs. According to Defendant's testimony, those credits amounted to "right at $5,000." He also testified that he later paid $500 for a saw originally paid for by Plaintiffs. Defendant concluded that everything Plaintiffs paid for was used in their home. The record also includes an admission on behalf of Plaintiffs that they received credits totalling $4,629.81.

Under these circumstances, we reverse and remand the case to the trial court with directions to determine what credits were received by Plaintiffs, and to enter a judgment for Plaintiffs in the amount of $50,000 minus the credits so determined.

MONTGOMERY, P.J., and BARNEY, J., concur.