**Richard B. ANDERSON, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 57762.**

Missouri Court of Appeals,
Western District.

May 23, 2000.

Motion for Transfer to Supreme Court
Denied June 27, 2000.

Application for Transfer Denied
Aug. 29, 2000.

Kent Denzel, Columbia, for appellant.

John M. Morris, III, Jefferson City, for respondent.

Before: Presiding Judge
LOWENSTEIN, Judge ULRICH and
Judge HOLLIGER.

HAROLD L. LOWENSTEIN, Judge.

On March 31, 1998, Appellant, Richard Anderson, pled guilty to one count of possession of a controlled substance in or about the premises of a correctional facility in violation of § 217.360, RSMo 1994. Appellant was sentenced to a term of ten years imprisonment.

On March 31, 1998, Appellant was delivered to the Missouri Department of Corrections. On July 7, 1998, Appellant filed a Rule 24.035 motion for post-conviction relief, several days after the 90 day filing deadline had passed. The trial court, without addressing the merits of Appellant's motion, dismissed the motion as untimely filed on August 20, 1999. This appeal followed.

Appellant here contends that the motion court erred in dismissing his Rule 24.035 motion as untimely filed because "the absolute deadline imposed by Rule 24.035(b) operated to arbitrarily deny him the right to due process." Appellant's principle argument is that *Day v. State,* 770 S.W.2d 692 (Mo. banc 1989) was wrongly decided and should no longer be followed. In *Day,* the Supreme Court of Missouri held that, "[t]he time limitations contained in Rules 24.035 and 29.15 are valid and mandatory...They serve the legitimate end of avoiding delay in the processing of prisoners claims and prevent the litigation of stale claims." *Id.* at 695.

Appellant's argument that the motion court erred in dismissing his Rule 24.035 motion as untimely is denied. The issue of the legitimacy of Rule 24.035's time re-

strictions has been decided by the highest court of this state. This court is constitutionally bound to follow the most recent controlling decision of the Missouri Supreme Court. *Schumann v. Missouri Highway and Transp. Comm'n,* 912 S.W.2d 548, 552 (Mo.App.1995) citing *Godfrey v. Union Elec. Co.,* 874 S.W.2d 504, 505 (Mo.App.1994); Mo. Const. Art. V, § 2 (1945). Appellant's argument that *Day* was wrongly decided cannot be entertained by this court.

Due to Appellant's failure to advance a tenable argument on appeal, this appeal is dismissed.

All Concur.