**TBF FINANCIAL, L.L.C., Appellant,**

v.

**Johnnie STONE, Respondent.**

No. 27357.

Missouri Court of Appeals,
Southern District,
Division One.

Feb. 6, 2007.

Laura J. Johnson, Ellis, Ellis, Hammons & Johnson, Springfield, for Appellant.

Lewis Z. Bridges, Lake Ozark, for Respondent.

DANIEL E. SCOTT, Judge.

This case involves an associate circuit collection action against Johnnie Stone, and the confusion that arose when two Johnnie Stones were discovered. We reverse the judgment for Defendant and remand for new trial.

We could hardly overstate the confused state of the record before the trial court, and now before us. At trial, no witnesses were called and no exhibits were admitted. Prior to trial, Defendant never requested discovery, never provided discovery to Plaintiff, and never answered Plaintiff's

petition. The unsworn statements of counsel, frequently contradictory or confusing, are virtually all we "know." Thus we proceed with trepidation to state the background, and beg indulgence for any misstatement.

Plaintiff sued "Defendant Johnnie Stone" for default under an equipment lease. Following personal service,[1] defense counsel entered his appearance for "Defendant Johnnie Stone." Plaintiff's June 2005 interrogatories and requests for admissions were never answered, despite a stipulated time extension into August. During this period, apparently, defense counsel told Plaintiff's counsel there were two Johnnie Stones, a father ("Jr.") and a son ("III"). This sparked confusion about who signed the lease; made or missed payments; was served; was sued; or was represented by defense counsel.[2]

■ The case came for trial September 28, 2005, with the confusion still unsettled. The attorneys appeared without witnesses, and joined in a continuance request, which was denied. The following dialogue occurred when the court asked if Plaintiff was ready to proceed:

MS. JOHNSON: Yes, sir, I am.

THE COURT: You may proceed.

MS. JOHNSON: I would offer into evidence—May I approach the bench?

THE COURT: You may.

MS. JOHNSON:—Plaintiff's Exhibit 1, which is the request for admissions that we served upon Mr. Bridges and his client, Johnnie Stone. Those have not been responded to, therefore, they are deemed to be admitted. And in those request for admissions, the Defendant has admitted to having entered into the lease agreement—thank you—which was attached to the request for admissions. If I may approach again?

MR. BRIDGES: Your Honor, I would ask that Plaintiff clarify for us which Johnnie Stone she is taking judgment against, because I don't think we know yet.

MS. JOHNSON: Well, I know that the Johnnie Stone who Mr. Bridges represents is Johnnie Stone III.[3] That is the Johnnie Stone who has entered an appearance in this action. He has waived service and entered an appearance in this action.

The hearing then devolved into spirited colloquy about the reigning confusion. The parties offered no more exhibits and called no witnesses. The court ultimately announced its decision as follows:

THE COURT: Court finds judgment in favor of Defendant and against Plaintiff in this matter. Each and every one of these exhibits that you have presented to me you did not move to introduce into evidence; therefore, I find the Plaintiff has presented no evidence in this case and judgment is rendered for the Defendant.

The court twice made similar statements in its docket entry. But the earlier quoted record shows Plaintiff *did* offer, as Exhibit 1, matters admitted and conclusively established by operation of law under Rule 59.01(a).[4] We will not replicate the admis-

---

1. The sheriff's return showed process delivered "to the defendant," described elsewhere on that page as "Johnnie Stone."

2. Although the record often indicates he represented the son, defense counsel acknowledged at trial having also told Plaintiff's counsel he had authority to represent the father.

Both court filings signed by defense counsel say he represents "Defendant Johnnie Stone."

3. *See* note 2.

4. Rule references are to Missouri Rules of Court (2005).

sions here, but clearly they establish at least a *prima facie* case against "Defendant Johnnie Stone," who had been personally served according to the sheriff's return; in whose name defense counsel entered his appearance; on whose behalf defense counsel signed all court filings; and who failed to answer the Rule 59 requests sent to defense counsel.

 A party who fails to respond to requests for admissions admits those matters. No further sanction is necessary or available to the proponent, who instead can use the admissions in dispositive motions or at trial, and a court must consider such admissions in deciding a motion for a directed verdict. *Lee v. Ofield,* 847 S.W.2d 99, 101 (Mo.App.1992). Such admissions, like admissions in pleadings, eliminate any need to further prove such matters. *Rhodes v. Blair,* 919 S.W.2d 561, 564 (Mo. App.1996). Rhodes similarly involved a defendant who did not answer Rule 59 requests nor seek judicial relief from the resulting admissions, which plaintiffs presented to the trial court as part of their case. We ruled that those admissions conclusively established plaintiffs' claim and the defendant's liability therefor, which in turn compelled us to reverse the defendant's judgment as against the weight of the evidence and remand for further proceedings. *Id.* at 564–65.

The same reasoning applies here. A defendant named Johnnie Stone was sued and served. Defense counsel entered an appearance for "Defendant Johnnie Stone." The Rule 59 admissions offered by Plaintiff established at least a *prima facie* case against "Defendant Johnnie Stone," and eliminated Plaintiff's need to further prove such matters. *Rhodes,* 919 S.W.2d at 564. The trial court's error prejudiced Plaintiff, which necessitates a new trial at which Plaintiff's other points are unlikely to recur.

PARRISH, J., dissents in separate opinion.

RAHMEYER, P.J., concurs.

JOHN E. PARRISH, Judge, dissenting.

I respectfully dissent. I agree with the principal opinion's suggestion that the confused state of the record could hardly be overstated. However, it was the obligation of the plaintiff to make a record before the trial court that enabled that court to discern and decide the issues before it and that permits meaningful appellate review. *State v. Fortner,* 84 S.W.3d 507, 513 (Mo.App.2002). Plaintiff did not do so.

The principal opinion correctly states that a party who does not respond to requests for admission admits those matters; that a court must consider such admissions in deciding the case. Rule 59.01(b). However, a party must get admissions before the trial court in order for them to be considered. Absent a court order or motion placing responses (or lack of responses) in issue, they are not before the trial court for its consideration in that requests for admission or responses to such requests are not otherwise filed with the trial court. Rule 59.01(e).

In this case, as the principal opinion observes, plaintiff offered requests for admission in evidence. However, they were not admitted in evidence in that the trial court did not rule on the offer of the exhibit into evidence. Thus, plaintiff's claim in Point I that the requests were admitted in evidence is not correct.

Plaintiff had the opportunity, both when the exhibit was offered and at the time the trial court stated that no exhibit had been offered, to request a ruling on the exhibit. It did not do so. "The obligation to make a record concerning issues a party may wish to present on appeal is on that par-

ty." *State v. Fortner, supra.* Complaining on appeal that an exhibit was in evidence, notwithstanding that the trial court did not rule on the tender of the exhibit in evidence and, therefore, did not admit the exhibit in evidence, is akin to requesting this court to convict the trial court of error on an issue not put before the trial court to decide. An appellate court does not convict a trial court of error on issues the trial court has not addressed. *E.g., see St. Louis County v. McClune,* 762 S.W.2d 91, 92 (Mo.App.1988). Plaintiff, having not sought a ruling on its tender of the requests for admission in evidence, is not entitled to have Point I, the point on appeal that asserts the requests for admission were admitted in evidence, granted. Point I should be denied.

There are three remaining points on appeal the principal opinion does ·not address. I would deny those points as well. The second point is directed to an admonition by the trial court regarding a shortcoming in the prayer of plaintiff's petition. I do not perceive from the record that the admonition about which Point II complains was the basis for the trial court's determination of the case. It did not affect the result of the case; therefore, the issue to which Point II is directed is of no consequence. *M.F.M. v. J.O.M.,* 889 S.W.2d 944, 954 (Mo.App.1995); *see also Springfield Land and Development Co. v. Bass,* 48 S.W.3d 620, 631 (Mo.App.2001). I would deny Point II.

Point III is directed to the trial court's understanding that Johnnie Stone III was not the intended defendant and, therefore, not a party to the case, although an attorney entered an appearance on his behalf. Point III complains that the trial court erred, under those circumstances, in not entering judgment against Johnnie Stone III. I do not find merit in Point III because Johnnie Stone III timely objected to the proceeding for the reason he was not the person sued. *See P & K Heating & Air Conditioning, Inc. v. Tusten Townhomes Redevelopment Corp.,* 877 S.W.2d 121, 126 (Mo.App.1994).

Plaintiff's final point, Point IV, complains that the trial court erred in failing to grant the request for continuance made the morning of trial. The granting or denying of continuances rests in the sound discretion of the trial court. *See Nichols v. Preferred Risk Group,* 44 S.W.3d 886, 896 (Mo.App.2001); *Bydalek v. Brines,* 29 S.W.3d 848, 855 (Mo.App.2000). Considering the record in this case, including that the motion for continuance was not filed until the day of trial and that the motion included the statement that plaintiff's attorney had a conflict that date "which cannot be rescheduled" although the attorney was present, the trial court, in my opinion, did not abuse its discretion in denying the requested continuance. I would deny Point IV and would affirm the judgment.