

# In the Missouri Court of Appeals
# Eastern District

## DIVISION ONE

EARNIE R. THOMAS,      )      No. ED106360-01

     )

         Respondent,      )      Appeal from the Circuit Court

     )      of Jefferson County

vs.      )

     )

DIRECTOR OF REVENUE,      )      Honorable Timothy Scott Miller

     )

         Appellant.      )      Filed: June 4, 2019

## OPINION

The Director of Revenue ("Director") appeals from the judgment of the trial court reinstating the driving privileges of Earnie R. Thomas ("Mr. Thomas"). The Director asserts one point on appeal, arguing the trial court erred in finding Mr. Thomas' breath test results were inadmissible because they were obtained in violation of Section 577.037.5 RSMo (Cum. Supp. 2007) and Mr. Thomas' due process rights. We reverse the judgment and remand the case to the trial court for further proceedings.

Factual and Procedural Background

On October 18, 2015, Mr. Thomas drove his car off the road and crashed into an embankment. The officer investigating the crash asked Mr. Thomas to submit to field sobriety tests and a preliminary breath test. Mr. Thomas consented. After each of these tests indicated Mr. Thomas may be intoxicated, the officer placed him under arrest and took him to the sheriff's

office. The officer then informed Mr. Thomas of the Missouri Implied Consent Law, as required by Section 577.041.1 RSMo (Cum. Supp. 2010), and asked him to submit to a chemical breath test of his blood alcohol content. The notice given by the officer included the statutorily required warning: "If you refuse to take the test, your driver license will *immediately* be revoked for one year." (emphasis added).[1] After hearing this warning, Mr. Thomas submitted to the breath test, which showed that his blood alcohol content was .083%.

The officer then took possession of Mr. Thomas' driver's license and issued a fifteen-day temporary driving permit with Missouri Department of Revenue Form 2385 Notice of Suspension or Revocation, which states, in relevant part: "You have been stopped and/or arrested upon probable cause that you were driving a vehicle while your blood alcohol level was over the legal limit. Your driving privilege will be suspended or revoked 15 days from the date of this notice if you do not request a hearing."

Mr. Thomas requested an administrative hearing before the Missouri Department of Revenue. Following the hearing, the suspension was upheld. Mr. Thomas then filed a petition for trial *de novo* in the circuit court, arguing, *inter alia*, "the implied consent warning read to [Mr. Thomas] was inaccurate," therefore, "[Mr. Thomas]'s breath test results are inadmissible in that they were obtained in violation of [Mr. Thomas]'s Due Process Rights under Article I section 10 of the Missouri Constitution, as well as the 5th and 14th Amendments of the United States Constitution."

---

[1] The full warning given to Mr. Thomas was the following:

> You are under arrest and I have reasonable grounds to believe you were driving a motor vehicle while in an intoxicated or drugged condition. To determine the alcohol or drug content of your blood, I am requesting you submit to a chemical test of your breath. If you refuse to take the test, your driver license will *immediately* be revoked for one year. Evidence of your refusal to take the test may be used against you in prosecution in a court of law. Having been informed of the reasons for requesting the test, will you take the test?

(emphasis added).

During the trial *de novo*, the arresting officer testified regarding Mr. Thomas' arrest. The Director also introduced as Exhibit A an arrest packet which included: the Notice of Suspension, the Alcohol Influence Report, the officer's narrative, the Missouri State Highway Patrol Uniform Citation, a certified copy of Mr. Thomas' Missouri Driver Record, the Intox DMT Maintenance Report, and the breath test results. Mr. Thomas objected to the admission of the breath test results, arguing they were obtained in violation of his due process rights because his consent to the test was invalid in that he was misinformed of the consequences of refusing to submit to the test. Specifically, Mr. Thomas argued that, although Section 577.041.1 expressly required the officer to inform him his license would be "immediately" revoked if he refused to submit, this was not true because the revocation would not actually begin for fifteen days. Because the false information prejudiced his ability to make an informed decision, he argued, the results were inadmissible as obtained in violation of his due process rights.

The trial court reserved ruling on the objection and allowed the breath test results to be admitted into evidence, subject to additional briefing on the constitutional issue. After trial, the parties each submitted a brief addressing this issue. The Director argued the warning could not be unconstitutional because "[t]he Missouri General Assembly mandated by statute the particular language an officer is required to use when requesting that a driver submit to a test to determine his blood alcohol content" including the language that "the person's license shall be ***immediately*** revoked upon refusal to take the test." (emphasis in original). Mr. Thomas argued the test results were obtained in violation of his due process rights because the officer informed him his license would be "immediately" revoked if he failed to submit to the test. This was "blatantly incorrect information" because, under the statute, he would receive a fifteen-day driving permit prior to

3

the date of revocation. The "untrue" and "coercive" warning, he argued, invalidated his consent by prejudicing his ability to make an informed decision.

The trial court initially issued a judgment sustaining the suspension and finding Mr. Thomas was arrested upon probable cause to believe he was driving while intoxicated, and that Mr. Thomas' blood alcohol content was determined to be in excess of .08%. After reviewing the briefs regarding the constitutional issue, the court entered an order vacating its earlier judgment.

The court then entered a new judgment finding the breath test results were inadmissible because the use of the word "immediately" in the warning mandated by Section 577.041.1 is "patently untrue," therefore, the test results were obtained in violation of Section 577.037.5[2] and Mr. Thomas' due process rights. The court concluded, in the absence of the breath test results, the Director failed to meet its burden of proving Mr. Thomas' blood alcohol content exceeded .08%. The court then entered its judgment reinstating Mr. Thomas' driver's license. This appeal follows.

<u>Point on Appeal</u>

The Director asserts one point on appeal, arguing the trial court erred in finding Mr. Thomas' breath test results inadmissible because the results were not obtained in violation of the requirements of Section 577.037.5, or Mr. Thomas' due process rights, in that the law requires that officers use particular language when requesting that a person submit to a test to determine his or her blood alcohol concentration, including the warning that "his or her license shall be immediately revoked upon refusal to take the test."

---

[2] Section 577.037.5 provides that test results from a chemical analysis of a person's breath, blood, saliva or urine may only be used as evidence of intoxication when they are "performed as provided in sections 577.020 to 577.041 and in accordance with methods and standards approved by the state department of health and senior services."

<u>Discussion</u>

On November 12, 2018, this Court issued an opinion concluding the Missouri Supreme Court had exclusive jurisdiction to decide the case because it involved the constitutional validity of Section 577.041. Accordingly, we transferred the case to the Missouri Supreme Court pursuant to Article V, § 3 of the Missouri Constitution and Section 477.080 RSMo (2016). *Thomas v. Dir. of Revenue*, ED106360 (Mo. App. E.D. Nov. 12, 2018). On April 30, 2019, the Missouri Supreme Court retransferred the case to this Court for reconsideration in light of the Court's opinion in *Carvalho v. Director of Revenue*, No. SC97394 (Mo. banc Apr. 30, 2019), which was issued that same day. Because the Court's opinion in *Carvalho* directly resolves the "precise constitutional question[] raised" in this case, whether the language of the implied-consent warning required by Section 577.041.1 violates constitutional due process, we now assume jurisdiction over this case. *See Rodriguez v. Suzuki Motor Corp.*, 996 S.W.2d 47, 52 (Mo. banc 1999) (Missouri Supreme Court will refuse to assume jurisdiction of cases "when the precise constitutional questions raised have been settled by prior decision of this Court" and, for the same reason, the court of appeals may "assume jurisdiction of such cases").

The trial court's judgment reinstating Mr. Thomas' license was based on its conclusion that the language of the implied-consent warning mandated by Section 577.041.1 was unconstitutional because the use of the word "immediately" in the warning is "patently untrue." Therefore, the court reasoned, Mr. Thomas' consent was invalid and the breath test obtained by the arresting officer were inadmissible. After excluding this evidence, the trial court found the Director failed to meet its burden of proving Mr. Thomas' blood alcohol content exceeded .08%. Accordingly, the trial court entered its judgment reinstating Mr. Thomas' driver's license.

The Director argues the trial court erred in excluding Mr. Thomas' breath test results because the implied-consent warning read to Mr. Thomas was not misleading, therefore the breath test results were not obtained in violation of his constitutional right to due process. We agree. The Missouri Supreme Court recently addressed this precise issue in *Carvalho*, where it held that the use of the word "immediately" in Section 577.041.1 is not misleading as to the consequences of refusing to submit to a breath test. *Carvalho v. Dir. of Revenue*, No. SC 97394, 2019 WL 1247086, at *6 (Mo. banc Mar. 19, 2019), *opinion modified and superseded on denial of reh'g* (Apr. 30, 2019).

The relevant facts in *Carvalho* are virtually indistinguishable from the facts of this case. Mr. Carvalho was stopped for speeding. *Id*. at *1. The arresting officer suspected Mr. Carvalho was intoxicated. *Id*. The officer asked Mr. Carvalho to submit to a preliminary breath test and advised him of the Missouri implied consent law. *Id*. When Mr. Carvalho refused, the officer placed him under arrest. *Id*. At the police station, the officer again asked Mr. Carvalho to submit to a breath test and read the implied consent warning, including the statement that: "If you refuse to take the test, your driver's license will *immediately* be revoked for one year." *Id*. at *1-2 (emphasis added). Mr. Carvalho agreed to take the breath test, which showed he had a blood alcohol content of .087. *Id*. at *2. The officer then took possession of Mr. Carvalho's license and provided him with a 15-day temporary permit with notice that his "driving privilege will be suspended or revoked 15 days from the date of this notice if you do not request a hearing." *Id*.

Mr. Carvalho's suspension was upheld following an administrative hearing where the court admitted the breath test results. *Id*. Mr. Carvalho appealed, arguing the breath test results were obtained in violation of his constitutional right to due process because the word "immediately" in the implied consent warning was misleading, therefore his consent to the test

was invalid. *Id*. at 2-3. The Court rejected this argument, concluding the word "immediately" was not misleading as to the consequences of refusing to submit to a requested breath test because the statute requires the arresting officer to physically take possession of the driver's license upon refusal to submit to the test. *Id*. at *6. Therefore, the court reasoned, "[t]he suspension of his license is immediate." *Id*.

We find the holding in *Carvalho* is controlling as the legal issue is the identical, Mr. Thomas' argument is the same, and the material facts are indistinguishable. Here, as in *Carvalho*, the officer suspected Mr. Thomas was driving while intoxicated and asked him to submit to a breath test. The officer informed Mr. Thomas of the Missouri implied consent law, as mandated by Section 577.041.1, including the warning that his license would be "immediately revoked" if he refused to take the test. After notice of this warning, Mr. Thomas agreed to submit to the breath test, which showed his blood alcohol content was .083. The court admitted the test results into evidence. Similar to *Carvalho*, Mr. Thomas argued the warning that his license would be "immediately" revoked was misleading and inaccurate, therefore the breath test results were obtained in violation of his constitutional right to due process. The trial court agreed, excluded the test results as inadmissible, and reinstated Mr. Thomas' driving privileges.

We agree with the Director that the trial court erred in excluding the breath test results because the word "immediately" is not misleading as to the consequences of refusing to submit to the requested breath test. Because the Supreme Court held in *Carvalho* that the use of the word "immediately," as mandated by Section 577.041.1, is not misleading, we must reject Mr. Thomas' argument. "'This court is constitutionally bound to follow the most recent controlling decision of the Missouri Supreme Court.'" *Kan. City Power & Light Co. v. Bibb & Assocs.*, 197 S.W.3d 147, 159 (Mo. App. W.D. 2006) (quoting *Anderson v. State*, 23 S.W.3d 672, 673 (Mo.

7

App. W.D. 2000). Accordingly, we find the trial court erred in concluding Mr. Thomas' breath

test result were inadmissible as obtained in violation of his due process rights. Point granted.

<u>Conclusion</u>

The judgment is reversed, and the case is remanded to the trial court for further

proceedings not inconsistent with this opinion.

_____

Angela T. Quigless, J.

Roy L. Richter, P.J., and
Robert M. Clayton III, J., concur.